J-S60023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BIRDELL BROCKINGTON | |
| Appellant | No. 3611 EDA 2015 |

Appeal from the PCRA Order October 30, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002736-1997

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                     **FILED NOVEMBER 17, 2016**

Birdell Brockington appeals, *pro se*, from the order entered in the Lehigh County Court of Common Pleas, dated October 30, 2015, dismissing his second petition filed under the Post-Conviction Relief Act ("PCRA"), as untimely.[1]  Brockington seeks relief from the judgment of sentence imposed on May 26, 1998, following his convictions for various offenses including, *inter alia*, first-degree murder.[2]  Based on the following, we affirm.

The facts and procedural history are as follows.  Brockington's convictions stem from an incident on August 2, 1997, when he and Kevin

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2501.

Taylor burglarized the home of Bruce Kight in order to steal personal items from him, and subsequently, Taylor shot Kight numerous times, killing him. On May 22, 1998, a jury convicted Brockington of first-degree murder, burglary, criminal trespass, theft by unlawful taking, and five counts of criminal conspiracy. Four days later, he was sentenced to an aggregate term of life imprisonment. A panel of this Court affirmed the judgment of sentence on July 31, 2000, and the Pennsylvania Supreme Court denied allowance of appeal on December 14, 2000. *See Commonwealth v. Brockington*, 764 A.2d 1119 [493 EDA 1999] (Pa. Super. 2000) (unpublished memorandum), *appeal denied*, 764 A.2d 1064 (Pa. 2000).

On December 14, 2001, Brockington filed a timely, *pro se* PCRA petition, alleging ineffective assistance of trial counsel. Counsel was appointed, and an amended petition was filed on his behalf. The PCRA court held an evidentiary hearing on May 29, 2002, and subsequently denied Brockington's petition on July 15, 2002. A panel of this Court affirmed the PCRA court's order on May 20, 2003, and the Pennsylvania Supreme Court denied allowance of appeal on June 22, 2004. *See Commonwealth v. Brockington*, 829 A.2d 353 [3028 EDA 2002] (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 853 A.2d 359 (Pa. 2004).

The case went dormant for over ten years until June 19, 2015, when Brockington filed the present, *pro se* PCRA petition, his second, requesting the admission of expert testimony regarding eyewitness identification "being

that it is no longer per se impermissible" in this Commonwealth. Brockington's Motion for Post Conviction Collateral Relief, 6/19/2015, at 3. In support of his assertion, Brockington points to **Commonwealth v. Walker**, 92 A.3d 766 (Pa. 2014),[3] which he read about in a March 31, 2015, article, titled "Handling Eyewitness Identification Experts and Cases," in *The Legal Intelligencer*. **See** Brockington's Motion for Post Conviction Collateral Relief, 6/19/2015, at Exhibit A. Brockington also filed a "brief and memorandum of newly excepted state law in support of PCRA petition" on July 8, 2015.

After reviewing the matter, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without first conducting an evidentiary hearing on October 5, 2015. Specifically, the court found the petition was untimely filed and Brockington did not prove any exception to the timeliness provisions of the PCRA. Brockington filed a response to the Rule 907 notice on October 27, 2015.[4] Three days later, the PCRA court denied Brockington's petition. This appeal followed.

---

[3] In **Walker**, the Pennsylvania Supreme Court held that "in Pennsylvania, the admission of expert testimony regarding eyewitness identification is no longer *per se* impermissible, and [it] join[ed] the vast majority of jurisdictions which leave the admissibility of such expert testimony to the discretion of the trial court." **Walker**, 92 A.3d at 769.

[4] The response was not docketed until October 30, 2015.

On November 23, 2015, the PCRA court ordered Brockington to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). A review of the certified record reveals Brockington did not file a concise statement. Nevertheless, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 17, 2015.

Herein, Brockington presents the following questions for our review:

> Whether the PCRA Court erred in denying [Brockington's] Post-Conviction Petition of Newly Excepted State Law in Support of PCRA Petition as untimely filed when [Brockington] established that his [after-discovered facts claims [was] within the [plain language of the timeliness exception set forth at] 42 Pa.C.S.A. § 9545(b)(1)(ii) and section 9545(b)(2)?; When [Brockington] requested an Evidentiary Hearing / Expert on [t]he Well-Known Fallibilities of an Eyewitness's Testimony / Frye Hearing in relation to the Commonwealth v. Walker, 92 A.3d 776 (Pa. 2014) case.
>
> Whether the PCRA Court erred in denying & dismissing [Brockington's] Response To Notice of Intent To Dismiss To Pa.R.Crim. 907, when [Brockington] humbly presented / shared the following new case law with the court: Commonwealth v. Burton, PICS Case No. 15-1348 (Pa. Super. Aug. 25, 2015) Bender, J. (47 pages); To further show why [Brockington's] PCRA and Memorandum of Newly Excepted State Law in Support of PCRA Petition should have been granted.
>
> Whether [Brockington] is entitled to a new trial, or remand for an Evidentiary Hearing / an Expert on the well-known fallibilities of an Eyewitness's Testimony / Frye Hearing based upon: The Commonwealth v. Walker, 92 A.3d 776 (Pa. 2014) case; Elaborated on by: Mr. Jules Epstein and Ms. Marissa Bluestine in: The Legal Intelligencer, dated: Tues. March 31, 2015, and an Exhibit (A) in [Brockington's] Memorandum of Newly Excepted State Law In Support of: Post Conviction Relief Act Petition.

Brockington's Brief at vi.

Before we may address the merits of Brockington's claims, we must determine whether he has properly preserved these issues. As noted above, Brockington failed to file a court-ordered concise statement.

Rule 1925 of the Rules of Appellate Procedure provides, in pertinent part:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.** — If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> …
>
> (3) *Contents of order.*--The judge's order directing the filing and service of a Statement shall specify:
>
> …
>
>> (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.
>
> …
>
> (4) *Requirements; waiver*[.]
>
> …
>
>> (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(3)(iv), (4)(vii).

To effectuate these provisions, the Pennsylvania Supreme Court has set forth a bright line rule that, "in order to preserve their claims for

appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005), *quoting* ***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998). This bright line rule applies even when the trial or PCRA court has filed an opinion. ***In re L.M.***, 923 A.2d 505, 509 (Pa. Super. 2007) ("If an appellant does not comply with an order to file a Rule 1925(b) statement, all issues on appeal are waived--even if the Rule 1925(b) statement was served on the trial judge who subsequently addressed in an opinion the issues raised in the Rule 1925(b) statement."), *citing* ***Commonwealth v. Schofield***, 888 A.2d 771, 774 (Pa. 2005). ***See also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) ("our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b)[.]"); ***Commonwealth v. Dozier***, 99 A.3d 106, 110 (Pa. Super. 2014), *appeal denied*, 628 Pa. 637, 104 A.3d 523 (Pa. 2014) (finding issues waived for failure to present them in concise statement). Accordingly, we conclude all of Brockington's arguments are waived.[5]

---

[5] We note the PCRA court, and the Commonwealth, did not address Brockington's lack of a concise statement. Nevertheless, "we may affirm the
*(Footnote Continued Next Page)*

Assuming *arguendo* that Brockington had properly preserved his claims, we would find no error in the PCRA court's decision to deny him relief. When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by evidence of record and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted), *appeal denied*, 72 A.3d 600 (Pa. 2013).

Furthermore, "[c]rucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must [] determine whether the instant PCRA petition was timely filed." ***Commonwealth v. Smith***, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing ***Commonwealth v. Murray***, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. ***Id.***

***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S. Ct. 2695 (U.S. 2014).

*(Footnote Continued)* ———————————

PCRA court's order on any basis." ***Commonwealth v. Reed***, 107 A.3d 137, 144 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, Brockington's judgment of sentence became final on March 14, 2001, when the period for Brockington to file a petition for writ of *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13(a). Therefore, Brockington had one year from that date, or until March 14, 2002, to file a timely PCRA petition. **See Taylor**, **supra**. The instant petition was not submitted until June 15, 2015, making it patently untimely.

An untimely PCRA petition may, nevertheless, be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

In rejecting Brockington's arguments, the PCRA court opined as follows:

> In this case, [Brockington] has failed to demonstrate any exception to the timeliness requirements of the PCRA. In his PCRA petition, he cited the Pennsylvania Supreme Court's decision in **Commonwealth v. Walker**, 92 A.3d 766 (Pa. 2014) as a case which create a new constitutional right held to be retroactively applicable. However, **Walker** was decided on May 28, 2014, over a year prior to [Brockington]'s instant PCRA petition, which places it outside the sixty day requrirement.[2] Accordingly, [Brockington]'s PCRA petition was untimely and did not entitle him to relief.[3]

---

[2] **Walker** also did not include any reference or indication within the body of the decision or any subsequent decisions that it applies retroactively. Absent some indication that **Walker** is retroactively applicable, even if [Brockington]'s PCRA petition had been filed within sixty days of the date **Walker** was decided, it would not afford [Brockington] any relief. **See Commonwealth v. Copenhefer**, 941 A.2d 646, 649-50 (Pa. 2007) (language in the PCRA statute "has been held" requires court to recognize a new right and hold that it is to be applied retroactively).

[3] In [Brockington]'s response to the Court's Notice of Intent to Dismiss, [Brockington] cited the Superior Court's recent decision of **Commonwealth v. Burton**, 121 A.3d 1063 (Pa. Super. 2015). The Court notes that **Burton** was decided after [Brockington]'s PCRA petition was filed. The Court further notes that [Brockington] misconstrues the impact of **Burton**, which discussed the after-discovered

evidence exception to the timeliness requirements of the PCRA. [Brockington]'s characterization of **Burton** is misplaced because the basis for his requested relief in this case was **Walker**, which falls under the exception of a new constitutional right. The creation of a new constitutional right is separate and distinct from after-discovered evidence. 42 Pa.C.S.A. §§ 9545(b)(ii), (iii).

_____

PCRA Court Opinion, 12/17/2015, at 4-5.

After reviewing Brockington's arguments, the record, and our case law, we would affirm on the basis of the PCRA court's opinion. Brockington has not established any of the timeliness exceptions to the PCRA requirements. As such, we would agree with the PCRA court that it lacked jurisdiction to address Brockington's claims, and we would discern no abuse of discretion by the court. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2016